IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | No. 2:15-cr-20183-JTF-dkv |
| DARIUS KELLY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

_____

ORDER ADOPTING THE REPORT AND RECOMMENDATION
ON DEFENDANT S MOTION TO SUPPRESS
_____

Before the Court is Defendant Darius Kelly's Motion to Suppress Evidence with Incorporated Memorandum in Support filed on December 18, 2015. (ECF No. 27). On the same date, the Court referred the motion to the United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636 (b). (ECF No. 30). On January 8, 2016, the Government filed a response in opposition to the motion to suppress. (ECF No. 33).[1] On April 28, 2014, the Magistrate Judge conducted an evidentiary and *Franks* hearing.[2] Testimony from two Government witnesses and arguments of counsel were heard, exhibits admitted, and the matter was taken under advisement. (ECF No. 56 and ECF No. 60). On May 10, 2016, the

---

[1] The Defendant's former counsel was permitted to withdraw and another attorney appointed to represent him on February 16, 2016. (ECF No. 39, ECF No. 45, and ECF No. 46).
[2] *Franks v. Delaware*, 438 U.S. 158 (1978). The Magistrate Judge concluded that Kelly had made a substantial preliminary showing that a false statement was made knowingly, intentionally or with reckless disregard for the truth; and that statement was included by the affiant in the affidavit and supported the issuance of the search warrant of his residence. The Magistrate Judge initially concluded that Kelly had satisfied the preliminary standard by introducing the audio tape of his April 29, 2015 custodial interview wherein he never disclosed to the officers that there were firearms at his residence. (ECF No. 59, fn.1; and ECF No. 65, p. 16).

1

Magistrate Judge issued her report and recommendation that Defendant's Motion to Suppress be denied to which the Defendant filed objections on July 25, 2016. (ECF No. 59 and ECF No. 67).

After *de novo* review, the Court finds that the report and recommendation should be adopted and the Defendant's Motion to Suppress Denied.

## I. STANDARD OF REVIEW

A United States District Court Judge may refer certain dispositive motions, including motions to dismiss the indictment, to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law for final disposition by the District Judge pursuant to 28 U.S.C. § 636 (b); *U.S. v. Houston*, Case No. 3:13-10-DCRF, 2013 WL 3975405 *1 (E.D. Tenn. July 29, 2013). The District Judge may accept, reject or modify in whole or in part, the Magistrate Judge's proposed findings and recommendations. *U.S. v. Raddatz*, 447 U.S. 667, 673-675 (1980), *reh'g den.*, 448 U.S. 916 (1980). See 28 U.S.C. § 636 (b)(1)(B).

In criminal cases, the District Judge is required to make a *de novo* determination of those portions of a Magistrate Judge's report and recommendation to which specific objections are made regarding the dispositive matters contained in the report and recommendation. *Id.* at 674-675. While most actions by a Magistrate Judge are reviewed for clear error, proposed recommendations on motions to suppress evidence in criminal matters are subject to *de novo* review. *U.S. v. Quinney,* 238 Fed. Appx. 150, 152 (6th Cir. 2007) and *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

## II. FACTUAL HISTORY

In the report and recommendation, the Magistrate Judge has submitted proposed findings of fact and proposed conclusions of law for the undersigned Court's review. (ECF No. 59). As noted in the report and recommendation, Defendant was the subject of an investigation by the

Shelby County Sheriff's Office. On April 29, 2015, Sheriff's Detective E. Jamison, of the SCSO Multi-Agency Gang Unit, submitted affidavits for three separate search warrants for Defendant's vehicle, workplace and residence. (ECF No. 27-1, pp. 1-10). After executing the searches, officers discovered two pounds of marijuana and drug paraphernalia in Kelly's vehicle and two firearms at his residence. On July 30, 2015, a federal grand jury returned a two-count indictment charging Kelly with one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and one count of possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1). On December 28, 2015, Defendant filed the instant motion to suppress any evidence seized from his vehicle and residence. Kelly argues that the evidence seized during the search should be suppressed because the corresponding affidavits leading to the first two search warrants for his vehicle and his workplace were not supported by sufficient probable cause and the third warrant for his home should be declared invalid as fruit of the poisonous tree. (ECF No. 27, pp. 6-8).

For purposes of the instant ruling, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history of this case.

### III. **LEGAL ANALYSIS**

The Magistrate Judge's Report and Recommendation

"Probable cause is described as a fair probability-not an absolute certainty-that evidence of the crime will be found at the location." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A court reviews the determination of probable cause made by a judge with great deference and will reverse the decision only when arbitrarily made. *U.S. v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003). In reviewing the sufficiency of the evidence supporting probable cause, the Court is limited to examining the information contained within the four corners of the affidavit but must

3

examine said information in light of the "totality of the circumstances." *U.S. v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2014), quoting, *Illinois v. Gates*, 462 U.S. at 239.

> A policeman's affidavit should not be judged as an entry in an essay contest, . . . but, rather, must be judged by the facts it contains. While a bare statement by an affiant that he believed the informant to be truthful would not, in itself, provide a factual basis for crediting the report of an unnamed informant, we conclude that the affidavit in the present case contains an ample factual basis for crediting the report of an unnamed informant which, when coupled with affiant's own knowledge of the respondent's background, afforded a basis upon which a magistrate could reasonably issue a warrant.

*United States v. Harris*, 403 U.S. 573, 578 (1971)(*internal citations and quotations omitted*).

Accordingly, the Magistrate Judge examined whether any evidence obtained by law enforcement officers during the searches on April 29, 2015 of Kelly's vehicle and residence should be suppressed, because the corresponding affidavits to the first two warrants lacked probable cause. In reference to the affidavit submitted in support of a search warrant for the vehicle, the Magistrate Judge concluded that: 1) under the totality of the circumstances, Detective Jamison's affidavit provided ample facts in support of probable cause for the search warrant for Kelly's vehicle despite lacking the CI's name or any reference to his reliability; and 2) the confidential informant had previously worked with the detectives to purchase marijuana from Kelly providing corroborating information regarding illegal drug activity.

In the alternative, the Magistrate Judge acknowledged that even if the warrant at issue was not supported by probable cause, it met the less demanding standard under the good faith exception of the exclusionary rule. *See U.S. v. Leon*, 463 U.S. 897 (1984)(evidence was seized based on a reasonable good faith reliance of a warrant later determined defective) and *Franks v. Delaware*, 438 U.S. U.S. 154 (1978)(addressed the third of four factors provided by *Leon*

wherein the good faith exception is inappropriate, when the issuing Magistrate has failed to act in a neutral and detached manner). (ECF No. 59, pp. 17-20).

Defendant's Objections to the Report and Recommendation

On July 25, 2016, the Defendant filed objections to the proposed conclusions of law in the Magistrate Judge's report and recommendation. (ECF No. 67).

1. The Confidential Informant's Reliability

The Defendant first objects to the Magistrate Judge's finding that the confidential informant was reliable. He asserts that the affidavit provided no such proof and that the Magistrate Judge merely relied on the Detective's testimony regarding the prior two controlled buys. (ECF No. 67, pp. 3-4). Such was not the case. The Magistrate Judge has correctly found that the affidavit provided enough information to support the confidential informant's reliability. As noted by the Magistrate Judge, the affidavit provided that the CI had purchased marijuana from the Defendant on two prior occasions, one within the past five days with SCSO narcotic funds. The confidential informant's reliability was further established by the officer's personal knowledge of the CI, specific information provided by the CI regarding the illegal drug trafficking, including locations of purchases, storage and packaging, and the independent police corroboration. All of this information was included in the affidavit and presented to Commissioner Wilson. (Exhibit 27-1, ECF No. 60, Exhibit 2, and ECF No. 65, pp. 23-25). *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000).

Along the same lines, the Defendant objects to the Magistrate Judge's application of "the concept of anonymity" in terms of a confidential informant. Defendant contends that because the confidential informant is unknown to the court or magistrate, his reliability must be well established or sufficiently sworn to within the affidavit. (ECF No. 67, p. 4).

5

The Court agrees with the Magistrate Judge's finding that the confidential informant's reliability was established. The information disclosed by the CI was sufficiently corroborated within the four corners of the affidavit as required. Detective Jamison testified that after investigating Kelly, the SCSO arranged controlled buys and conducted surveillance, all of which is set out in the affidavit. (ECF No. 65, pp. 18, 26). During their surveillance of the Defendant, the officers observed Kelly making hand-to-hand transactions from the business as well as after entering and exiting his vehicle. (*Id.* at pp. 26, 61). As such, the Defendant's objection that the confidential informant was unreliable or that his reliability was not established is overruled.

2. Specifics Regarding the Controlled Buys

The Defendant next objects to the Magistrate Judge's finding that the controlled buys were detailed in the affidavit and provided enough information to support a probable cause finding. He also contends that the officers did not take the necessary precautions to ensure the buys were administered properly by checking the CI for Shelby County Funds. (ECF No. 67, pp. 4-5). Similar to the Magistrate Judge, the undersigned Court has reviewed the search warrant affidavit. As noted above, the affidavit provides that the "confidential source made two (2) prior marijuana buys from Darius "Memphis" Kelly to the affiant with SCSO narcotic funds; one buy within the past five days." The affidavit then provides surveillance activities. (ECF No. 27-1, Exhibit #2; ECF No. 65, pp. 24-27, 41-43). The Detective confirmed, as noted by the Magistrate Judge, that after the buy, however, the CI was not checked for Shelby County funds. However, the Defendant fails to cite authority that this step must be taken for a controlled buy to form the basis for a finding of probable cause or why it was necessary in this case. *United States v. Pusey*, 189 Fed. Appx. 475, 480 (6th Cir. 2006). As such, the Court agrees with the Magistrate Judge's finding that although certain details were omitted, under the

6

totality of the circumstances, the affidavit contained the necessary and corroborating information to support the existence of probable cause. *U.S. v. Smith*, 337 Fed. Appx. 500, 504-505 (6th Cir. 2009).[3]  Accordingly, the Defendant's objection in this regard is also overruled.

   3. <u>The Exclusionary Rule and the Good Faith Exception</u>

The Defendant objects to the finding that Commissioner Wilson acted in a neutral manner. This objection is based on Detective Jamison's testimony during the motion hearing that he had submitted similar affidavits to Commissioner Wilson on prior occasions. In those affidavits, Detective Jamison stated that he had used templates and similar language regarding controlled buys and confidential sources but that "all the narratives are different." (ECF No. 65, pp. 24, 44-46). The Defendant then makes an unfounded leap and objects that "[t]he fact that the detective knows that this magistrate understands implicitly what he meant to say is evidence that the commissioner is not neutral." (ECF No. 67, pp. 5-6).

The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Thomas v. Arn*, 474 U.S. 140, 147-48, (1985). Objections are to address specific concerns, not unfounded assumptions. Without a specific objection or some reasonable explanation for this objection, it is difficult for the Court to construe how the Commissioner was not neutral by authorizing a search warrant for Kelly's residence based on commonly-used language in an affidavit for warrant.

   4. <u>The Fruit of the Poisonous Tree Argument and the Franks Hearing</u>

The Magistrate Judge considered whether the third warrant that was issued for search of Kelly's residence is invalid as fruit of the poisonous tree because it was issued after the execution of the alleged illegal search warrant for his vehicle. On that issue, the Magistrate

---
[3] (ECF No. 59, pp. 14-17).

Judge concluded that because the search of Kelly's vehicle was constitutional, his confession was not fruit of the poisonous tree. Moreover, she found that Kelly's confession was voluntary and not immediately derived from the search of his vehicle or his subsequent arrest. *Wong Sun v. United States*, 371 U.S. 471, 485-86 (1963) and *United States v. Baldwin*, 114 F. App'x 675, 683 (6th Cir. 2004). The report and recommendation provided that although little time had passed between Kelly's arrest and his subsequent cooperation and confession, the confession was an act of his own free will without evidence of police misconduct. (ECF No. 59, pp. 21-23).

The Magistrate Judge examined under *Franks*, the two-part test regarding whether the evidence should be suppressed based on false statements within the warrant affidavit. *Franks v. Delaware,* 438 U.S. at 155-56.[4] Based on the testimony offered by Detective Battle during the motion hearing, the Magistrate Judge determined that the affidavit did not contain a false statement. Further, she concluded that Kelly had failed to prove by a preponderance of the evidence that the remaining content in the affidavit was insufficient to establish probable cause. This finding was based on Detective Jamison's testimony that the SCSO officials had already initiated the process to obtain a search warrant for various items within Kelly's residence. The information that Kelly gave officers concerning the weapons was added to the affidavit, and was not necessary to the establishment of probable cause. (*Id.* and Transcript, ECF No. 65, pp. 29-30).

Repeating the issues raised in his motion to suppress, the Defendant objects that the last warrant for the search of the residence was improper because the first two warrants were not

---

[4] The two-part test to consider when determining whether the evidence should be suppressed when it has been seized as a result of a warrant affidavit containing false statements is: 1) whether the defendant has proved by a preponderance of the evidence that the affidavit contains deliberately or recklessly false information and 2) whether the affidavit, without the false statements, provides requisite probable cause to sustain the warrant. *Franks*, 438 U.S. at 155 and *U.S. v. Charles*, 138 F.3d 257, 263 (6th Cir. 1998).

supported by probable cause. (ECF No. 67, pp. 6-7). The Magistrate Judge correctly found there was no false information in the affidavit. Detective Battle testified that the interview lasted longer than 28 minutes and that Kelly's admission regarding the guns was made after the tape recording ending. (ECF No. 65, pp. 49-55). The undersigned Court has also listened to the audio of the interview as well, and there were discussions about guns and choppers, or assault weapons, during the interview. The Defendant readily admitted there were guns involved in his drug trade, albeit at other locations. Based on the fact that the subject was discussed during the interview, and the normal procedures the officers used in concluding statements, it is reasonable to assume that Kelly disclosed that guns were located at his residence after the recorder stopped, as the officers testified. The Court agrees with the Magistrate Judge's finding, that the Detective's testimony was credible. There were no false statements in the affidavit, and the third search warrant and subsequent search was legal. Therefore, this objection is also overruled.

## CONCLUSION

After a *de novo* review, the Court finds the Defendant's objections to the Magistrate Judge's report and recommendation are without merit and are overruled. The Magistrate Judge has properly applied the law to the facts of this case. As such, the Court adopts the Magistrate Judge's report and recommendation and the Defendant's Motion to Suppress, ECF No. 27, is Denied.

**IT IS SO ORDERED** on this 12th day of August, 2016.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE